http://www.va.gov/vetapp16/Files6/1644924.txt

Citation Nr: 1644924 
Decision Date: 11/30/16 Archive Date: 12/09/16

DOCKET NO. 14-01 858 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma

THE ISSUE

Eligibility for payment of attorney fees from past-due benefits.

ATTORNEY FOR THE BOARD

Steve Ginski, Associate Counsel 

INTRODUCTION

The Veteran served on active duty in the United States Air Force from May 1971 to May 1991. The appellant is the Veteran's attorney. The appellant and the Veteran entered into a fee agreement in December 2012. 

This appeal to the Board of Veterans' Appeals (Board) arose from an October 2013 administrative decision in which the RO determined that no attorney fees could be paid directly to the appellant.

In a January 2014 substantive appeal, the appellant requested a travel board hearing. In a March 2016 statement, the appellant withdrew his request for a hearing. Accordingly, the Board will proceed to adjudicate the case based on the evidence of record. See 38 C.F.R. § 20.704 (e) (2015).

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify you if further action is required on your part.

REMAND

A simultaneously contested claim refers to the situation in which the allowance of one claim results in the disallowance of another claim involving the same benefit, or the allowance of one claim results in the payment of a lesser benefit to another claimant. 38 C.F.R. § 20.3(p) (2015). All interested parties will be specifically notified of the action taken by the agency of original jurisdiction in a simultaneously contested claim and of the right and time limit for initiation of an appeal, as well as hearing and representation rights. 38 C.F.R. § 19.100 (2015). Upon the filing of a Notice of Disagreement (NOD) in a simultaneously contested claim, all interested parties and their representatives will be furnished a copy of the Statement of the Case (SOC). 38 C.F.R. § 19.101 (2015). When a Substantive Appeal is filed in a simultaneously contested claim, the content of the Substantive Appeal will be furnished to the other contesting parties to the extent that it contains information which could directly affect the payment or potential payment of the benefit which is the subject of the contested claim. 38 C.F.R. § 19.102 (2015).

Here, although the Veteran was notified of the RO's initial denial of the appellant's claim, he was not notified of the filing of the NOD, was not provided a copy of the SOC, and was not provided the content of the substantive appeal. Accordingly, these procedures must be complied with prior to any adjudication of this appeal by the Board.

 Accordingly, the case is REMANDED for the following action:
 
1. Follow the contested claims procedures of 38 C.F.R. §§ 19.100-19.102, 20.500-20.504 (2015) in the appellant's claim of entitlement to attorneys fees from past-due benefits, in which the contesting parties are the appellant and the Veteran. Send the Veteran copies of all relevant documents to this claim and provide him an opportunity to submit evidence and for a hearing if he so desires. 

2. Then, readjudicate the claim on appeal. Issue a supplemental statement of the case to both appellant and the Veteran and allow the appropriate time for response. Then, if the decision remains adverse to the appellant, return the case to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See The Veterans Benefits Act of 2003, Pub. L. No. 108-183, § 707(a), (b), 117 Stat. 2651 (2003) (to be codified at 38 U.S.C. §§ 5109B, 7112).

 _________________________________________________
 K. MILLIKAN
 Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).